**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**DANIEL THOMAS,**

                                        **Plaintiff,**

                    **-v-**                                        **17-CV-1050V(Sr)**

**THE BUFFALO CLUB,**

                                        **Defendant.**

**REPORT, RECOMMENDATION AND ORDER**

Plaintiff commenced this action, *pro se*, alleging discrimination and

retaliation based upon his age and perceived sexual orientation in violation of Title VII

of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and the Age

Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*., beginning April 9,

2016. Dkt. #1.

By Decision and Order entered November 14, 2018, the Hon. Lawrence J.

Vilardo dismissed the ADEA claim without prejudice for failure to allege any facts upon

which to base a claim of age discrimination. Dkt. #9, p.4.

On January 11, 2019, defendant moved to dismiss the remaining claim

pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the grounds that it is

a *bona fide* private membership club which is excluded from the definition of employer

under Title VII. Dkt. #12.

Plaintiff acknowledged that defendant is tax-exempt pursuant to section 501(c)(7) of the Internal Revenue Code and is an association of persons organized for social or recreational purposes as stated on its IRS From 990 Return of Organization Exempt from Income Tax, but argues that its objective of promoting social interaction among its members and providing the conveniences of a clubhouse are a sham because he was permitted to host his wedding reception on the premises even though he is not a member; non-members are permitted on premises for various social events; and employees are afforded discounts on spa services. Dkt. #30, pp.2-3.

Defendant replied that it is a *bona fide* private member club exempt from Title VII's definition of employer and that the ability of members to sponsor events for non-members and the ability of employees to use the spa as a benefit of employment is not determinative. Dkt. #31, pp.2-3.

Plaintiff was granted permission to file a sur-reply, in which he argued that members were often randomly assigned to sponsor events of nonmembers and that family and friends of members are permitted to use the spa and fitness center without the member's presence. Dkt. #35. Plaintiff also argued that defendant employs staff to manage itself, including a membership director, who is responsible for increasing membership. Dkt. #35.

Judge Vilardo granted defendant's motion to file a sur-sur-reply, in which defendant argued that plaintiff acknowledges that non-member events were sponsored

by members and that non-members were only permitted to use the spa and fitness center if they were known to be a member's family or significant other. Dkt. #38.

Plaintiff replied that financial pressures have encouraged defendant to generate additional revenue from non-members, effectively creating a public/private hybrid. Dkt. #39.

By Order entered October 3, 2019, Judge Vilardo provided the parties notice that he intended to convert the motion to dismiss into a motion for summary judgment. Dkt. #41.

By Notice of Motion filed on October 23, 2019, plaintiff seeks to add Employer services Corporation ("ESC"), as a defendant to this action. Dkt. #42.

On November 25, 2019, Judge Vilardo referred this matter to the undersigned pursuant to 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #54.

Motion to Amend

Plaintiff's proposed amended complaint attaches as an exhibit a letter from Employer Services Corporation dated December 28, 2016 advising plaintiff:

> effective December 30, 2016, our contract with The Buffalo
> Club has ended. As a result, your employment relationship
> with Employer services Corporation (ESC) has also ended
> as of that date. Your final paycheck from ESC has been

issued. Going forward, all matters regarding your payroll and benefits will be handled by management at The Buffalo Club.

Dkt. #43, p.7. Plaintiff also attaches a copy of his paycheck stub from ESC dated December 30, 2016 and a copy of his 2016 W-2 issued by ESC. Dkt. #43, pp.8-9. Thus, plaintiff has plausibly alleged that ESC was his employer at the time of the discrimination alleged in his complaint. However, plaintiff's proposed amended complaint asserts no factual allegations against ESC but simply references plaintiff's Verified Complaint with the New York State Division of Human Rights ("NYSDHR"), against The Buffalo Club. Dkt. #43, pp.12-19. Neither the NYSDHR Complaint nor the NYSDHR's Determination and Order after Investigation reference ESC. DKt. #43, pp.25-27.

The Buffalo Club opposes the motion to amend on the grounds that plaintiff failed to exhaust administrative remedies regarding any claim against ESC and cannot claim lack of knowledge as to ESC's status as his employer because his W-2 was issued by ESC. Dkt. #50.

Fed. R. Civ. P. 21 provides that "the court may at any time, on just terms, add . . . a party." Fed. R. Civ. P. 15(a) provides that a party may amend a pleading with the opposing party's written consent or the court's leave, which is to be given freely when justice so requires. Leave to amend should be granted unless the party seeking leave has acted in bad faith, there has been an undue delay in seeking leave, there will be unfair prejudice to the opposing party if leave is granted, or the proposed

-4-

amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *State Teachers Ret. Bd. v. Fluor Corp*., 654 F.2d 843, 856 (2d Cir. 1981); Fed. R. Civ. P.15(a). An amendment is futile if it cannot survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Parker v. Columbia Pictures Indus*., 204 F.3d 326, 339 (2d Cir. 2000).

To survive a motion to dismiss pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The Court takes judicial notice of the fact that ESC is an Outsourced HR Firm, Professional Employer Organization and Business Services firm headquartered in Buffalo, New York. https://myesc.com However, even assuming that ESC was a joint employer with The Buffalo Club, plaintiff has failed to allege any basis for liability against ESC. In *Lima v. Adecco and/or Platform Learning, Inc*., the district court assumed that an employment agency would be a joint employer, but determined that a plaintiff must still show that the joint employer knew or should have known of the discriminatory conduct and failed to take corrective measures within its control.

634.F.Supp.2d 394, 400 (S.D.N.Y. 2009), *aff'd* 375 Fed. App'x 54, 55 (2d Cir. 2010)

(agreeing that even if Adecco and Platform "could be considered a 'joint employer,'

Adecco could not be held liable to plaintiff on that legal theory because there is no

evidence that Adecco knew or should have known about any of the alleged

discrimination."). As plaintiff does not allege any knowledge or involvement of ESC in

the circumstances surrounding his claims of discrimination and retaliation, it is

recommended that the motion to amend the complaint to add ESC as a defendant (Dkt.

#42), be denied as futile.


### Motion in Limine

In response to Judge Vilardo's conversion of the motion to dismiss into a

motion for summary judgment, defendant submits an affidavit from the General

Manager of the Buffalo Club, Daniel Moriyama, affirming that all events, including those

proffered by plaintiff as evidence that The Buffalo Club does not follow its rules, were

sponsored by members or organized by The Buffalo Club for its members and their

guests. Dkt. #46-1, ¶¶ 4-7. The only exceptions are for occasional events for

employees, such as the Shining Star Lunch, or reciprocal events which permit members

of other clubs to use The Buffalo Club so long as the other club permits members of

The Buffalo Club to use their club facilities. Dkt. #46-1, ¶ 8. Mr. Moriyama submits the

most recent tax return of The Buffalo Club to demonstrate that less than 15% of its

revenue derives from member-sponsored events and reciprocal member-sponsored

events. Dkt. #46-1, ¶ 12.

With respect to the Spa, Mr. Moriyama affirms that while members may allow guests to utilize these services and employees are allowed to utilize the Spa at reduced rates, the Spa is not open to the general public. Dkt. #46-1, ¶ 14. Similarly, Mr. Moriyama affirms that the fitness center is available only to members and guests accompanied by members (but not more than twice in a 30-day period), with employees permitted to utilize exercise equipment (but not the pool, squash court or locker room), after the fitness center has closed for the day. Dkt. #46-1, ¶ 15. Mr. Moriyama further affirms that while spouses of members are treated as members, significant others may only access the facilities and privileges of The Buffalo Club with permission of the Board of Directors provided that the member requesting access for their significant other has been a member of The Buffalo Club for more than 5 years. Dkt. #46-1, ¶ 17. Mr. Moriyama affirms that all of these rules are strictly enforced. Dkt. #46-1, ¶ 18.

Mr. Moriyama also affirms that, although a membership director was hired in 2016, that employee does not solicit members, but assists with providing application forms to sponsoring members, providing tours to and answering questions of prospective members, and orienting new members after they have been admitted to The Buffalo Club. Dkt. #46-1, ¶ 21. In accordance with The Buffalo Club's Constitution, Mr. Moriyama affirms that at least two members of The Buffalo Club must recommend new members, who must be voted upon by the Board of Directors, two of whom are sufficient to exclude a candidate from admission. Dkt. #46-1, ¶¶ 19-20. The Buffalo Club submits its membership application and instructions, as well as its election procedures. Dkt. #46-1, ¶¶ 25-28.

Plaintiff objects to Mr. Moriyama's affidavit as he was not the general manager of The Buffalo Club during plaintiff's employment and cannot attest to the state of affairs at the time plaintiff claims discrimination. Dkt. #51. Furthermore, plaintiff argues that the fact that there are written rules of membership does not mean that those rules are followed. Dkt. #51.

The Buffalo Club responds that Mr. Moriyama's affidavit is admissible because it is based upon knowledge gained from his review of corporate books and records. Dkt. #53.

Although a court may strike portions of an affidavit that are not based upon personal knowledge or that contain inadmissible hearsay or make generalized and conclusory statements, it is axiomatic that a corporate representative may testify and submit affidavits based on knowledge gained from a review of corporate books and records. *Pace v. Air & Liquid Sys. Corp.*, 171 F. Supp.3d 254, 272 (S.D.N.Y. 2016). In as much as Mr. Moriyama's affidavit is based upon defendant's constitution, bylaws, tax returns and internal policies, memorandums and event records, it is recommended that plaintiff's motion in limine (Dkt. #51), be denied.

Motion for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law." Fed.R.Civ.P. 56(c). "In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party, and must give extra latitude to a *pro se* plaintiff." *Thomas v. Irvin*, 981 F. Supp. 794, 798 (W.D.N.Y. 1997) (internal citations omitted).

A fact is "material" only if it has some effect on the outcome of the suit. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *see Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see Bryant v. Maffucci*, 923 F.2d 979 (2d Cir.), *cert. denied*, 502 U.S. 849 (1991).

Once the moving party has met its burden of "demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a 'metaphysical doubt' concerning the facts, or on the basis of conjecture or surmise." *Bryant*, 923 F.2d at 982 (internal citations omitted). A party seeking to defeat a motion for summary judgment

> must do more than make broad factual allegations and
> invoke the appropriate statute. The [party] must also show,
> by affidavits or as otherwise provided in Rule 56 of the
> Federal Rules of Civil Procedure, that there are specific
> factual issues that can only be resolved at trial.

*Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

Title VII prohibits employers from discriminating against employees on the basis of race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2(a). The definition of employer excludes "a *bona fide* private membership club (other than a labor organization) that is exempt from taxation under section 501(c) of Title 26." 42 U.S.C. § 2000e(b)(2). The EEOC compliance manual states that an organization is a *bona fide* private membership club if: (1) it is a club, in the ordinary and common meaning of that word; (2) it is private; and (3) it requires meaningful conditions of limited membership. *EEOC v. Chicago Club*, 86 F.3d 1423, 1433 (7th Cir. 1996); *See also Baptiste v. Cavendish Club, Inc*., 670 F. Supp. 108, 110 (S.D.N.Y. 1987), *citing Quijano v. University Fed. Credit Union*, 617 F.2d 129, 131 (5th Cir. 1980). In assessing whether a club is private, the EEOC considers such factors as: (1) the extent to which it limits its facilities and services to club members and their guests; (2) the extent to which and/or the manner in which it is controlled or owned by its membership; and (3) whether, and, if so, to what extent and in what manner it publicly advertises to solicit members or to promote the use of its facilities by the general public. *Chicago Club*, 86 F.3d at 1433. More specifically, courts have considered: (1) genuine selectivity; (2) membership control; (3) history of organization; (4) use of facilities by nonmembers; (5) the organization's purpose; (6) whether the club advertises for members; and (7) whether the club is non-profit. *Bommarito v. Grosse Pointe Yacht Club*, No. 05-CV-73359, 2007 WL 925791, at *4 (E.D. Mich. Mar. 26, 2007) (collecting cases). *Id.* at *5, *citing Chicago Club*, 86 F.3d at 1435.

Defendant has satisfied its burden of demonstrating that it is exempt from the definition of employer set forth in Title VII. As to the requirement that the employer be tax exempt, plaintiff and defendant have both submitted tax returns indicating that defendant is exempt from tax as a social club as provided by 26 U.S.C. § 501(c)(7). Dkt. #30, p.8 & Dkt. #46-7, p.2. With respect to the requirement that the employer be a *bona fide* private membership club, defendant's proffer of its constitution, bylaws, membership application and instructions, election procedures, banquet and information guidelines, and private events guide, along with Mr. Moriyama's affirmation of adherence to their procedures, all support a determination that defendant is controlled by its membership and maintains its facilities for the benefit of its members and their guests.

Plaintiff's submission of a listing of events for the week of July 15, 2019 and affirmation that he was permitted to hold his wedding on the premises does not suggest otherwise, as there is no prohibition on members sponsoring business or other private events. *See Chicago Club,* 86 F.3d at 1436 (finding it permissible for the club to extend a staff member the courtesy of hosting an event); *Bommarito,* 2007 WL 925791, at *5 (occasional hosting of outside parties, even without sponsorship of a member, will not compromise a club's status as a *bona fide* private membership club, nor will nonmember reimbursement of private functions hosted by members). Allowing employees and guests to occasionally utilize the spa and fitness center under prescribed conditions is similarly insufficient to nullify the exclusiveness of defendant's facilities. Finally, employing staff to support membership development does not

undermine the strict protocol for sponsoring and admitting new members. Accordingly, it is recommended that defendant's motion for summary judgment (Dkt. #12), be granted.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider de novo arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

**DATED:**      **Buffalo, New York**
              **November 30, 2020**

                              *s/ H. Kenneth Schroeder, Jr.*
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**

-13-