UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANIEL THOMAS,

                Plaintiff,

             -v-                                                  17-CV-1050V(Sr)

THE BUFFALO CLUB,

                Defendant.

---

## DECISION AND ORDER

Plaintiff commenced this action, *pro se*, alleging discrimination and retaliation based upon his age and perceived sexual orientation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*., beginning April 9, 2016.  Dkt. #1.

By Decision and Order entered November 14, 2018, the Hon. Lawrence J. Vilardo dismissed the ADEA claim without prejudice for failure to allege any facts upon which to base a claim that the defendant discriminated against him because of his age.  Dkt. #9, p.4.

Currently before this Court is plaintiff's motion to appoint counsel to assist him in amending his complaint to add a defendant (Dkt. #44), and plaintiff's motion for

an ADR hearing to resolve this matter and appointment of counsel to assist him with negotiations. Dkt. #55.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants.  *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

> 1. Whether the indigent's claims seem likely to be of substance;
>
> 2. Whether the indigent is able to investigate the crucial facts concerning his claim;
>
> 3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
> 4. Whether the legal issues involved are complex; and
>
> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997);  *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). It must not allocate *pro bono* resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant," but

should instead distribute this resource "with reference to public benefit." *Id.* Moreover, the Court must consider the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

Plaintiff has demonstrated an ability to communicate the factual basis of his claim and to present cogent argument to the Court in support of his claims such that the Court does not believe that appointment of counsel would alter the Court's analysis with respect to defendant's status as a *bona fide* private membership club. In light of the Court's recommendation with respect to that issue, plaintiff's motion to appoint counsel (Dkt. #44 & Dkt. #55), is denied as moot.

**SO ORDERED.**

DATED:   Buffalo, New York
         November 30, 2020

      *s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

3